# Mary A. Parr
### *v.*
# Cornelius G. Van Horn.

1. Pleading—*declaration in ejectment.* A declaration in ejectment which alleges that the plaintiff was in possession, and was dispossessed, on the —— day of September, 1862, without specifying the day of the month, is sufficient after judgment, although the omission of the averment that plaintiff was in possession on a specified day would, undoubtedly, be ground of special demurrer.

2. An allegation that the plaintiff was seized in fee simple, is a sufficient allegation of his right of possession.

3. Same—*description of premises.* When the premises can be found and located by the description given in the declaration, that is sufficient.

4. So, it is enough to describe the land by the part of the quarter section, the section, township, range and meridian.

5. Arrest of judgment. If no motion in arrest of judgment is made in the court below, reasons for the arrest can not be urged on error.

6. Upon motion in arrest of judgment upon a declaration alleging that the plaintiff was seized on the —— day of September, 1862, and was ousted in the same month, the court will presume that the proof established a seizin prior to the ouster.

7. Writ of possession—*motion to quash.* If a writ of possession is defective, a motion to quash it must be made in the court below before its insufficiency can be assigned as error.

Writ of Error to the Circuit Court of Will County.

The facts appear in the opinion of the Court.

Mr. R. E. Barber, for the plaintiff in error.

Mr. Uri Osgood, for the defendant in error.

Mr. Chief Justice Walker delivered the opinion of the Court:

Defendant in error sued plaintiff in error, in ejectment for the recovery of the premises in controversy. A recovery was had and the cause is brought to this court to obtain a reversal. It is urged that the declaration is insufficient to sustain the judgment, and the first objection taken is that the day of the month is not named on which plaintiff was in possession, nor the day upon which he was dispossessed. It is alleged that these were both in the month of September, 1862. The want of the averment that plaintiff was in possession on a specified day, was no doubt ground of special demurrer, but is not ground for arresting the judgment; but if it was, no motion for that purpose was inteposed i n the court below. On a motion in arrest under this averment we should presume that there was proof on the trial below, unless rebutted by the record, of a seizin and a subsequent ouster. It is insisted that the averment that he was in possession is uncertain and indefinite. That the word "was" being omitted, it fails to convey the idea whether he was in possession. In this there seems to be an entire misconception of the fact as it exists. Upon examining the transcript we find no such omission. As transcribed it is this: "For that, whereas, the said plaintiff, Cornelius Van Horn, on the —— day of September, in the year of our Lord one thousand eight hundred and sixty-two, was possessed of a certain piece of land with its appurtenances, situate," &c. Thus it will be observed that the objection does not exist in fact, and we are at a loss to understand why such an objection should have been urged.

It is likewise insisted that the description of the land is not sufficient in the declaration, the judgment, and the writ of possession. We are unable to see that any defect does exist in the description. The part of the quarter section, the quarter, the section, township, the range and meridian, are all given. The property can be found and located by that description, and when that can be done it is sufficient. It follows the description adopted by the government in the survey, and it is certainly as complete as can be required, for any purpose.

It is also insisted that the declaration contains no averment that plaintiff was entitled to possession. He claimed the land in fee simple. The right of possession always follows the fee unless a lesser estate intervenes. Whilst this declaration is informal, it will nevertheless sustain the judgment, especially in the absence of a motion in arrest. It contains sufficient substance to warrant the recovery.

We shall not examine whether the writ of possession sufficiently describes the property, inasmuch as that question is not before us. If defective, the remedy is by motion in the court from which it issued, to have it quashed. Such a motion does not seem to have been made, and until that is done its insufficiency can not be assigned for error in this court. The judgment of the court below is affirmed.

*Judgment affirmed.*